UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS EARL HENDRICKS, et al., § | |
|     Plaintiffs, § | |
| v. § | No. 3:16-CV-3020-L-BF |
| DANIEL W. UHLFELDER, et al., § | |
|     Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court has referred this case to the United States Magistrate Judge for pretrial management. *See* Standing Order of Reference 1, ECF No. 22. Before the Court is Defendants Daniel W. Uhlfelder and Daniel W. Uhlfelder, P.A.'s Motion to Dismiss Pursuant to Federal Rule 12(b)(2) [ECF No. 7] and Defendants Pennington, P.A. and Cynthia S. Tunnicliff's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 9]. For the following reasons, the district court should GRANT both motions.

### Background

Plaintiffs Thomas Earl Hendricks and STDWEH, L.P.,[1] appearing *pro se*, brings this legal malpractice action against Defendants for their representation on his behalf in a real estate lawsuit in Florida. Compl., ECF No. 3. Plaintiff is a resident of Texas. *Id*. at 1 ¶ 1(A). Defendant Daniel W. Uhlfelder is a licensed attorney residing and practicing in the state of Florida. *Id*. at ¶ 2(A). Defendant Daniel W. Uhlfelder, P.A. is a professional association and law firm with its principle place of business in Grayton Beach, Florida. *Id*. at ¶ 2(B). Defendant Cynthia S. Tunnicliff is a licensed attorney residing and practicing in the state of Florida. *Id*. at ¶ 2(C).

---

[1] Mr. Hendricks does not assert in what capacity he represents STDWEH or their basis as a party to this suit. In reviewing Plaintiff's complaint, the Court construes this suit as being brought by only Mr. Hendricks.

1

Pennington, P.A. ("Pennington") is a professional association and law firm with its principle place of business in Florida. *Id*. at ¶ 2(D).

According to Plaintiff, in 1984 his parents purchased a condominium unit in the Bayside at Sandestin Condominium Association in Florida as tenants by the entirety. *Id*. at 4 ¶ 14. Plaintiff subsequently inherited the condominium and a dispute arose over the property requiring Plaintiff to file a lawsuit in Florida. *Id*. at 4-5 ¶¶ 15-17. In 2009, Plaintiff hired Mr. Uhlfelder as his lead counsel. *Id*. at 5 ¶ 17. The lawsuit transpired in Walton County, Florida in the First Judicial Circuit styled *Thomas E. Hendricks v. Bayside at Sandestin Condominium Assoc., Inc.*, No. 09-CA-1188. Defs.' Mot. 2, ECF No. 8. Plaintiff lost the case at trial. Compl. 6 ¶ 22, ECF No. 3. Plaintiff then hired Pennington and Ms. Tunnicliff to represent him on appeal which was also ultimately unsuccessful. *Id*. at 9-10. Plaintiff alleges that Mr. Uhlfelder, Ms. Tunnicliff, and Pennington were negligent in their representation of him in the suit causing him to incur damages exceeding $75,000.00. *See id.* at 10 ¶¶ 36, 38.

All Defendants move for the Court to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). FED. R. CIV. P. 12(b)(2). The Court having reviewed the pleadings, briefs, and substantive law finds this matter is ripe for determination.

## Legal Standard

Because personal jurisdiction is a threshold matter, the Court first considers Defendants' arguments under Fed. R. Civ. P. 12(b)(2). *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231 (5th Cir. 2012) (courts must decide issues of personal jurisdiction before ruling on the merits).

Federal district courts sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) it is permitted by the state long-arm statute as interpreted by the state

courts and (2) exercising jurisdiction does not violate due process guaranteed by the Fourteenth Amendment of the United States Constitution. *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 335 (5th Cir. 1999). The Texas Supreme Court has determined that the Texas long-arm statute extends as far as the federal constitutional requirements of due process permit. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Accordingly, courts need only address whether the assertion of personal jurisdiction satisfies federal due process requirements. *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992).

Due process for jurisdictional purposes exists when: "(1) a defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink*, 190 F.3d at 336 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). These "minimum contacts" may be analyzed in terms of specific or general jurisdiction. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). Specific jurisdiction exists when the contacts with the forum state arise from, or are directly related to, the cause of action. *Wilson*, 20 F.3d at 647. General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Id.*

If a non-resident defendant has sufficient minimum contacts with the forum state, the court then must consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987); *Wilson*, 20 F.3d at 647. This inquiry focuses on several factors, including: (1) the burden on the non-resident defendant; (2) the interests of the forum state; (3) the interest of

3

the plaintiff in securing relief; (4) the interest of the judicial system in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Asahi Metal*, 480 U.S. at 113; *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 377 (5th Cir. 1987).

The plaintiff has the burden to establish a prima facie case of personal jurisdiction over a non-resident defendant. *Kelvin Serv., Inc. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). The court can make this determination without an evidentiary hearing based on the complaint, affidavits, and information obtained during discovery. *Colwell Realty Inv., Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). Any conflicts in the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). If the plaintiff makes its prima facie case, the burden shifts to the defendant to "present a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

**Analysis**

Plaintiff has failed to make the required prima facie showing that Defendants have sufficient minimum contacts with the state of Texas to justify the exercise of general or specific personal jurisdiction. Plaintiff does not assert this Court has general jurisdiction. Pl.'s Resp. 1, ECF No. 27. Plaintiff alleges in his complaint that the majority of the communicated legal advice by Defendants took place over email or telephone while Plaintiff resided in Texas. Compl. 2 ¶ 4, ECF No. 3. Plaintiff asserts two main arguments supporting that this Court has jurisdiction: (1) Defendants' alleged commitment of an intentional tort constitutes purposeful availment and (2) Defendants, through their respective websites, targeted Texas for business sufficient to establish minimum contacts. Pl.'s Resp. 2, 6-7, ECF No. 27. Plaintiff asserts that Mr. Uhlfelder and

Pennington purposefully targeted Texas through its presence on internet search engines. *Id*. at 6. Plaintiff alleges he hired Defendants through their websites and communicated almost exclusively over the internet. *Id*. at 6-7. Essentially, Plaintiff contends that because *he* was *in Texas* and communicated to Defendants over the internet that this is sufficient to establish specific jurisdiction.

Mr. Uhlfelder argues that he has no connection to Texas. Defs.' Mot. 6, ECF No. 8. He is a resident of Florida and Uhlfelder, P.A. is a Florida law firm specializing in matters in the state of Florida. *Id*. Mr. Uhlfelder contends that Plaintiff specifically chose him and his firm as trial counsel because of their connection to Florida. *Id*. Mr. Uhlfelder does not practice outside of Florida, does not have any property in Texas, does not have an office in Texas, or any bank accounts in Texas. Aff. of Daniel W. Uhlfelder 2 ¶¶ 10-15, ECF No. 8-1. Pennington also argues it does not have the sufficient minimum contacts with Texas. Defs.' Mot. 6, ECF No. 10. Pennington asserts that it is a Florida professional association, none of its lawyers are licensed to practice in Texas, and it does not handle any legal matters in Texas state or federal courts. *Id*. at 3 ¶ 5, 6. Pennington also argues it does not market its services to Texas. *Id*. Ms. Tunnicliff relies on these same arguments while also asserting she does not reside in Texas, she is not licensed to practice in Texas, and has only been to Texas three times in her entire life. *Id*. at 2 ¶ 4, 6; Defs.' App. 5-6 ¶ 15, ECF No. 11.

Plaintiff wholly fails to allege any facts to support his contention that this Court has specific jurisdiction. Plaintiff fails to allege any facts to show that Defendants purposefully availed themselves of the privileges of conducting activities in the forum state sufficient to justify the Court's exercise of specific personal jurisdiction. *See Busch v. Viacom Int'l, Inc.*, 477 F. Supp. 2d 764, 772 (N.D.Tex. 2007) (Lindsay, J.). Plaintiff does not allege that Defendants

5

conducted any activities in Texas. Plaintiff's allegations that Defendants intentionally targeted Texas residents through their websites is merely a conclusory allegation. *See* Compl. 6, ECF No. 3. The basis of Plaintiff's lawsuit occurred in Florida. The proceedings were all in Florida, all of the Defendants performed their services in Florida, and Defendants do not market to Texas or maintain clients in Texas. Further, the case to which Plaintiff relies, *Fix My PC, L.L.C. v. N.F.N. Assocs., Inc.*, shows that this Court is without jurisdiction. 48 F. Supp. 2d 640, 642 (N.D.Tex. 1999) (Lindsay, J.). The court stated:

> Some courts have based personal jurisdiction solely on a defendant's web site. The federal courts in Texas, however, have held that more than a web site is required to expose a non-resident to personal jurisdiction here. While a web site may be one factor contributing to a finding of personal jurisdiction, the defendant must be doing "something more" to purposefully direct its activities to the forum state.

*Id.* at 643 (citing *Origin Instruments Corp. v. Adaptive Comput. Sys., Inc.*, 1999 WL 76794 at *2 (N.D.Tex. 1999); *Thompson v. Handa–Lopez, Inc.*, 998 F. Supp. 738 (W.D.Tex. 1998)). Judge Lindsay found that under the sliding scale approach, when a defendant merely operates a "passive" website[2] this does not automatically subject a defendant to personal jurisdiction in Texas. *Id*. The Fifth Circuit has set forth this same analysis. *See Mink*, 190 F.3d at 336 ("[T]here are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate.").[3] Moreover, the court considers the "nature and quality of commercial activity that an entity conducts over the Internet." *Id.* (citation omitted). Defendants' websites do not indicate that

---

[2] A passive website is one which "[does] nothing more than provide information and advertising to those who access the site." *Fix My PC, L.L.C.*, 48 F. Supp. 2d at 643 (citing *Thompson*, 998 F. Supp. at 738).
[3] *See also Dymatize Enter. Inc. v. Reflex Nutrition Ltd.*, No. 3:07-CV-907-M, 2008 WL 161021, at *4 (N.D.Tex. Jan. 17, 2008) (holding that mere possibility that Texas audience would read the statements on internet website does not establish "purposeful availment" of the benefits and protections of Texas); *Burger King*, 471 U.S. at 478 (contracting with an out-of-state party alone, although relevant, does not automatically establish sufficient minimum contacts).

Defendants affirmatively sought to do business with a Texas resident. It is undisputed that Defendants do not have an office or place of business in Texas, nor do they conduct any business in the state of Texas.

Plaintiff's argument that Defendants' commitment of an intentional tort constitutes purposeful availment is also unavailing. Plaintiff's cause of action does not arise from contacts with Texas. Plaintiff's allegations arise from activities and events that happened in the state of Florida. *See M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co., Inc.*, No. 15-0083, 2017 WL 889938, at *9 (Tex. Mar. 3, 2017) (holding specific jurisdiction requires a "substantial connection" between the activities within the forum state and the operative facts of the litigation.).

Any contact Defendants may have had with Texas "rests on nothing but 'the mere fortuity that [Plaintiff] happens to be a resident of [Texas].'" *Patterson v. Dietze, Inc*., 764 F.2d 1145, 1147 (5th Cir. 1985) (quoting *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 497 n.26 (5th Cir. 1974)). Neither Mr. Uhlfelder, Uhlfelder P.A., Ms. Tunnicliff, nor Pennington could reasonably anticipate being hauled into a Texas court.[4] Accordingly, this Court lacks specific jurisdiction. The district court should grant both of Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

## RECOMMENDATION

The undersigned respectfully recommends that the district court should **GRANT** Defendants Daniel W. Uhlfelder and Daniel W. Uhlfelder, P.A.'s Motion to Dismiss [ECF No.

---

[4] Because the Court finds that Defendants do not have the requisite minimum contacts with the forum necessary to support the exercise of jurisdiction over it, the Court need not address the fairness prong of the due process inquiry. *Growden v. Ed Bowlin & Assocs., Inc.*, 733 F.2d 1149, 1150-51 (5th Cir. 1984) (footnote omitted) ("[T]he fairness prong cannot compensate for or overcome the requirement of some minimum contacts with the forum state.").

7] and Defendants Pennington, P.A. and Cynthia S. Tunnicliff's Motion to Dismiss [ECF No. 9].

The district court should dismiss Plaintiff's claims without prejudice for lack of jurisdiction.

**SO RECOMMENDED**, this 23rd day of March, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).